UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                          CRIMINAL NO. 3:17-CR-137-DPJ-FKB

NICHOLAS THAMES

ORDER

Defendant Nicholas Thames has filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).  Mot. [48].  Because Thames has not demonstrated entitlement to relief under § 3582, his motion is denied.

I.      Facts and Procedural History

On November 28, 2017, the federal grand jury returned a two-count indictment against Thames after he committed armed robbery of a Waffle House restaurant in Jackson, Mississippi. On May 8, 2018, Thames pleaded guilty to one of the two counts—discharging a firearm in the commission of a crime of violence—and on February 13, 2020, the Court sentenced Thames to the statutory-minimum 120-month term of incarceration.

Thames, a 23-year old African-American man who says he suffers from asthma, a hernia, and sinus issues, is currently housed in the low-security facility in Oakdale, Louisiana (FCI Oakdale I).  While FCI Oakdale I had an early outbreak of COVID-19 cases, as of October 30, 2020, the facility reports that eight inmates and fifteen staff members have active cases of the virus.[1]  According to the Bureau of Prisons (BOP) website, Thames is scheduled to be released

---

[1] Also as of October 30, 2020, seven FCI Oakdale I inmates and zero staff members have died from COVID-19, and 214 inmates and 21 staff members have recovered from the virus.  At the medium-security facility on the same campus as FCI Oakdale I (FCI Oakdale II), seven inmates and nine staff members have active cases of the virus, one inmate and zero staff members have died from COVID-19, and 15 inmates and 6 staff members have recovered from the disease.

on June 30, 2026.  Fearing he will face significant complications if he contracts COVID-19, given his alleged underlying health conditions, Thames asks the Court to modify his sentence and order his release.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Government does not appear to dispute that Thames exhausted as required by the statute. So, the question before the Court is whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Thames's sentence, "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

In a slightly different context, the Supreme Court found the Sentencing Commission's applicable policy statements binding on district courts.  *See Dillon v. United States*, 560 U.S. 817, 830 (2010) (considering § 3582(c)(2), which permits a sentence reduction where the applicable guideline range has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").  But the question is whether there is presently an applicable policy statement because "[t]he Sentencing Commission has not issued a

relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release" on their own behalves. *United States v. Woods*, No. 1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020).

Looking to those policy statements, § 1B1.13 "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release. Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
>> (i) The defendant is suffering from a terminal illness[.]
>>
>> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances --
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason

>other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Some courts continue to follow this policy statement and require proof that the defendant's circumstances meet the listed examples; other courts do not. *Compare United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (holding that "courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (concluding after amendment of § 3582(c)(1)(A) that "the Director's prior 'interpretation of "extraordinary and compelling" reasons is informative,' but not dispositive" (quoting *United States v. Adams*, No. 6:94-CR-302, 2019 WL 3751745, at *3 (M.D.N.C. Aug. 8, 2019))).

The Second Circuit Court of Appeals addressed this issue head on in *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712 (2d Cir. Sept. 25, 2020). That appellate court construed the First Step Act and Guideline § 1B1.13, concluding that the latter "is not 'applicable' to compassionate release motions brought by defendants[. Thus,] Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id.* at *6.

Three Fifth Circuit cases have touched this point, but they do not answer the question. First, the court most recently mentioned § 1B1.13 in *United States v. Rivas*, where it held that "[t]hough *not dispositive*, we are guided in our analysis by the commentary for U.S. Sentencing Guidelines § 1B1.13." No. 20-10360, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020) (citing

4

*United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. 2020)).  The court affirmed the trial court's decision to deny compassionate relief because the defendant's evidence failed to satisfy § 1B1.13.  *Id.* at 3.

Second, in *United States v. Gonzalez*, the court affirmed the denial of a compassionate-release motion in a case in which the district court "cite[d] to and quote[d] § 1B1.13."  819 F. App'x at 284.  The Fifth Circuit found no error where "the order's reference to the Guidelines [c]ould fairly be read as one step in the district court's own determination of whether extraordinary and compelling reasons warrant a reduction of [the defendant's] sentence."  *Id.*

A few weeks later, the Fifth Circuit went a little further in another unpublished opinion.  In *United States v. Bell*, the defendant sought compassionate release because his sentence was unduly long, among other reasons.  823 F. App'x 283, 284 (5th Cir. 2020).  The Fifth Circuit noted that under § 3582(c)(1)(A), a reduction must be "consistent with [the § 1B1.13] policy statement," the commentary to which "provides a list of circumstances that constitute 'extraordinary and compelling reasons.'"  *Id.* (quoting U.S.S.G. § 1B1.13 commentary (n.1(A)–(D))).  The court concluded that Bell's case did not present an extraordinary and compelling reason for release because he did "not contend that he qualifie[d] for any of the circumstances listed in the commentary, and, indeed, a reduction of his sentence based on his proffered reasons would not be consistent with the policy statements set forth in § 1B1.13."  *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

Four points about *Bell* are necessary.  First, the court clearly asked whether Bell's circumstances "qualified" under one of the four examples listed in § 1B1.13's application note.  *Id.*  So, unlike the Second Circuit's *Brooker* decision, the panel applied § 1B1.13 to a motion brought by the defendant.  Second, the court may have left a little wiggle room by noting that

5

Bell did not qualify under the examples, "and, indeed, a reduction of his sentence based on his proffered reasons would not be *consistent with* the policy statements set forth in § 1B1.13." *Id.* Does that mean defendants must demonstrate one of those circumstances or just something that could be viewed as "consistent with" them?  Third, *Bell* was not a COVID-19 case, so we do not know whether the court would have viewed those circumstances as being consistent with the enumerated ones.  And fourth, the court did not select *Bell* for publication, making the opinion persuasive but not binding authority.[2]

      At bottom, *Rivas*, *Bell*, and *Gonzalez* are non-binding, but all three suggest that § 1B1.13 and the circumstances listed in its application note should be considered—if not applied.  Like the district court in *Gonzalez*, this Court will continue to consider § 1B1.13 as part of its analysis of whether extraordinary and compelling reasons support a sentence modification.  *See Woods*, 2020 WL 3452984, at *2 ("Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.").

      Thames suggests that his alleged underlying medical conditions, when "coupled with the COVID-19 pandemic," fit within Application Note 1(A).  Def.'s Reply [54] at 2.  But Application Note 1(A) speaks in terms of an inmate's current condition, and Thames does not allege that he currently suffers from either a terminal illness or a condition "that substantially diminishes [his] ability . . . to provide self-care . . . and from which he . . . is not expected to

---

[2] District courts have been flooded with Coronavirus related motions for compassionate release. Whether relief is limited to the four circumstances listed in the application note to § 1B1.13 comes up in nearly every case and "has split district courts across the country." *Brooker*, 2020 WL 5739712, at *5.  This Court therefore hopes the Fifth Circuit will be given an opportunity to address it in a published opinion.

6

recover." U.S.S.G. § 1B1.13, Application Note 1(A).  Thames's circumstances are not extraordinary and compelling under Application Note 1(A).

Nor does the potential for medical complications in the event Thames contracts COVID-19 justify relief.  Assuming that Thames's asthma is properly characterized as moderate to severe, the CDC has stated that "[b]ased on what we know at this time, adults of any age with [moderate-to-severe asthma] **might be at an increased risk** for severe illness from the virus that causes COVID-19."  Centers for Disease Control, Coronavirus Disease 2019, People at Increased Risk of Severe Illness, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Oct. 16, 2020) (emphasis in original).

Nevertheless, a number of courts have rejected the argument that the potential increased risk justifies a sentence modification.  *See United States v. Chambers*, No. 18-47, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases).  Were Thames correct that his medical conditions entitle him to compassionate release, every inmate with an underlying condition that might lead to an increased risk for complications in the event of a COVID-19 infection would present extraordinary and compelling reasons for a sentence modification.

Nor has Thames shown that his risk of contracting COVID-19 while housed at FCI Oakdale I is markedly higher than it would be if released.  Whereas that facility apparently got its early outbreak under control, the number of reported infections is increasing throughout Mississippi.  So, while Thames argues that "there is no way to assure [his] safety at the facility," there is no way to assure his safety if released.  Def.'s Reply [254] at 3.

Finally, granting Thames's motion would not satisfy the requirements of 18 U.S.C. § 3553(a).  The Court distinctly recalls Mr. Thames and his case.  His crime was obviously serious, there were victims who were traumatized, and the offense carried a 120-month mandatory-minimum sentence.  Despite all that, the Court was impressed with Thames and stated on the record that but for the mandatory minimum, the sentence would have been somewhat lower.  Thames had never been in trouble before, had a strong employment record for his young age, and was taking college classes.  He simply made a horrible mistake.  And while the Court remains sympathetic, Thames has served only roughly 34 months of the mandatory-minimum sentence Congress found necessary to provide just punishment and deter future criminal conduct.  The time he has served is insufficient to achieve the requirements of 18 U.S.C. § 3553(a).

III.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Thames's Motion for Compassionate Release [48] is denied.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2020.

                                      s/ *Daniel P. Jordan III*
                                      CHIEF UNITED STATES DISTRICT JUDGE